## E. M. PRINGLE NAVAL STORES COMPANY, INC., *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32489. Promulgated August 27, 1931.

*Richard S. Doyle, Esq.*, for the petitioner.
*C. R. Marshall, Esq.*, for the respondent.

OPINION.

SMITH: In this proceeding the respondent concedes that under sections 277 and 278 (c) of the Revenue Act of 1928 the statute of limitations precludes the assessment of a deficiency unless the waiver dated November 19, 1926, is valid and effective, since the former waiver, which is not contested, expired by its terms on December 31, 1926, and the notice of deficiency was not issued until October 4, 1927. The petitioner contends that the waiver submitted by W. C. Flournoy dated November 19, 1926, was for the year 1921 and that the change in the year from 1921 to 1920 made by Flournoy was made without authority and that it is void and of no effect and that the statute of limitations expired prior to the issuance of the notice, namely, October 4, 1927.

Upon the record Flournoy had the authority to execute a waiver of the statute of limitations for the year 1920. In reliance upon that authority he amended the form which had been executed by Pringle. An instrument is not vitiated by a change of its form after it is signed by one party and turned over to another for delivery under circumstances which import authority to perfect it for the purpose of rendering it available to the person to whom it is to be finally delivered. 2 Corpus Juris, ¶92.

In *F. A. Gillespie*, 20 B. T. A. 1068, it was held that, where alteration of a date on a waiver for 1920 was made by a Government employee before being signed by the taxpayer, it was a valid waiver and extended the statutory period to the altered date. In *Liberty Baking Co.* v. *Heiner*, 37 Fed. (2d) 703, the Circuit Court of Appeals held in part as follows:

The court below held as untenable the objection that the waivers were not properly executed by the plaintiff or by the Commissioner of Internal Revenue; that the signing of such a waiver, by one or more executive officers, with the corporate seal affixed, given as it was to secure further consideration of corporate tax liability, comes within the ordinary powers of corporate officers; *. * * The objection that the waivers were without consideration cannot be sustained. The statute requires nothing but " consent," and it would be unconscionable to allow the taxpayer to afterwards repudiate a consent upon which the Commissioner has acted and relied. It appears that, in the circumstances, the execution of the waivers was a necessary incident to the securing of further consideration of the plaintiff's tax liability.

We conclude that there was no error in sustaining the validity of the waivers.

A case which is most nearly parallel to the instant proceeding is that of *Jaffee* v. *Commissioner of Internal Revenue*, 45 Fed. (2d) 679, in which the Circuit Court of Appeals in the course of its opinion stated:

Beyond question an agent duly authorized to handle federal tax matters was authorized to execute waivers in furtherance of such business [compare *Liberty Baking Co.* v. *Heiner* (C. C. A.) 37 F. (2d) 703] and notice to it that Charles D. Jaffee had executed the waivers was shown when it appeared that, after he signed them, the waivers were sent to the tax agents who had the corporate seal and attached it to them. Under such circumstances, of course, notice to the agents was notice to the principal (*Jefferson County National Bank* v. *Dewey et al.*, 197 N. Y. 14, 90 N. E. 113; *Armstrong* v. *Ashley*, 204 U. S. 272, 27 S. Ct. 270, 51 L. Ed. 482; *Smith et al.* v. *Ayer et al.*, 101 U. S. 320, 25 L. Ed. 955); and the signing of these waivers by Jaffee was not only thus acquiesced in [see *U. S.* v. *Kemp* (C. C. A.) 12 F. (2d) 7] by the board of directors through its agents, but the agents actually participated in the execution of which his signing was a part. The waivers are as valid as though executed by the board of directors.

We can not doubt that Flournoy had authority to represent the petitioner in all matters connected with the petitioner's tax liability for 1920; that, acting upon that authority, he furnished the waiver requested by the Government officers. The petitioner obtained the benefit which it sought by the execution of that waiver. We think it should not be heard to deny its validity.

*Judgment will be entered for the respondent.*